UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 01, 2019

SEAN F. McAVOY, CLERK

RICKY M.,

   Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

No. 2:18-CV-3044-JTR

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 18. Attorney D. James Tree represents Ricky M. (Plaintiff); Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

On March 11, 2014, Plaintiff filed an application for Supplemental Security Income benefits. Tr. 18, 154-157. Plaintiff alleged a disability onset date of January 1, 2014, Tr. 18, 154, 168, due to Herniated Discs in Back, Perforated Gastric Ulcer, Ventral Hernia, Arthritis, High Blood Pressure, and Sciatic Nerve Left Leg. Tr. 172. Plaintiff's applications were denied initially and upon reconsideration.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

Administrative Law Judge (ALJ) Mary Gallagher Dilley held a hearing on April 5, 2016, Tr. 18, 34-67, and issued an unfavorable decision on November 28, 2016. Tr. 18-28. The Appeals Council denied review on January 26, 2018. Tr. 1-3. The ALJ's November 28, 2016, decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 28, 2018. ECF No. 1, 4.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on July 11, 1964 and was 49 years old on the date the application was filed, March 11, 2014. Tr. 40, 154. He obtained his GED and completed a Job Corps program in welding. Tr. 42. Plaintiff testified at the administrative hearing on April 5, 2016, that he last worked as a mechanic. Tr. 44. Plaintiff's disability report indicates that he stopped working because of his conditions on December 31, 1993. Tr. 172.

Plaintiff testified that the main issue keeping him from being able to work is lower back pain that also affects his left leg. Tr. 46-49. He stated that at least three times a week he has a shooting pain from his back down to his left leg, and then has a constant ache from his hip to his ankle. Tr. 46. He testified that this pain usually lasts a day or two, but sometimes lasts for a week. Tr. 46-47. Plaintiff stated that when he is not experiencing the shooting pain down his left leg, the pain remains in his lower back. Tr. 46-47. Plaintiff testified that he can be up on his feet, walking and standing, for "maybe a half hour at the most" before his lower back begins to hurt. Tr. 47-48. He testified that he can probably sit in a chair for an hour. Tr. 48. He also testified that it would probably alleviate his back pain if he was able to switch positions between standing and sitting

throughout the day. Tr. 48-49. Plaintiff testified that he does not have any pain medication for his back pain, although he stated that he has an upcoming appointment with his treating physician, Jeremiah Crank, M.D. Tr. 49. Plaintiff testified that he was getting ready to have back surgery but then his doctors discovered he had atrial fibrillation. Tr. 55, 57. He noted that no date had been scheduled for back surgery, and he had not seen a surgeon for his back. Tr. 57. He testified that he tried physical therapy, but he could not recall if it helped or not. Tr. 57. He noted that he did not go to physical therapy very often because he had to walk to the appointments and "that was pretty hard to do." Tr. 57.

Plaintiff testified that he has "a little bit [of pain] here and there" from his swollen testicle, but he does not have to lie down, and it is not something that makes him stop what he is doing. Tr. 54. Plaintiff also testified that although the doctors determined that he has atrial fibrillation, he does not feel it. Tr. 55. He stated that he is taking medication for his heart, and there had been discussions about putting in a pacemaker. Tr. 55.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the

ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that the claimant can perform other jobs present in significant numbers in the national economy. *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On November 28, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date, March 11, 2014. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease, cervical degenerative disc disease, thoracic degenerative disc disease, testicular hydrocele, and atrial fibrillation. Tr. 20.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined that he could perform light exertion level work with the following limitations: he could occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds; could stand and/or walk about six hours in an eight-hour workday; could sit for six hours in an eight-hour workday; could occasionally climb ramps, stairs, ladders, ropes, and scaffolds; could frequently balance; could occasionally stoop, kneel, crouch, and crawl; could frequently perform overhead reaching; must avoid concentrated exposure to vibration; and must be able to alternate sitting and standing briefly every hour. Tr. 21.

At step four, the ALJ determined Plaintiff had no past relevant work. Tr. 26.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert (VE), Plaintiff could perform other jobs present in significant numbers in the national economy, including the light exertion level jobs of cashier II, storage facility rental clerk, and furniture rental consultant. Tr. 26-27. The ALJ presented the VE with a hypothetical that required an individual to alternate sitting and standing briefly every hour. Tr. 63. In her decision, the ALJ stated that, although the Dictionary of Occupational Titles (DOT) does not address the sit/stand option assigned to Plaintiff, the VE based her testimony regarding such limitation on her education and experience in the field. Tr. 27.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical opinion evidence; and (2) failing to provide specific, clear, and convincing reasons for discrediting Plaintiff's symptom testimony. ECF No. 14 at 2.

**DISCUSSION[1]**

**A.     Medical Source Opinions**

Plaintiff argues the ALJ erred by failing to properly consider the medical opinion evidence of record. ECF No. 14 at 5-14. Plaintiff specifically asserts the ALJ erred by according "less weight" to the opinion of treating physician Dr. Crank, and instead relying on the opinion of nonexamining state agency medical consultant, Christy Ulleland, M.D. *Id*. Further, Plaintiff argues the ALJ inaccurately determined that the RFC assessment was consistent with the conclusion of nonexamining medical expert Vivian Omeozulu, M.D. *Id*.

In weighing medical source opinions in a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: (i) treating physicians, who actually treat the claimant; (ii) examining physicians, who examine but do not treat the claimant; and (iii) nonexamining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

---

[1]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

1996). A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830. The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of either an examining or a treating physician." *Lester*, 81 F.3d at 830; *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a nonexamining doctor's opinion "with nothing more" does not constitute substantial evidence).

In making findings regarding the medical opinion evidence of record, the ALJ must set forth specific, legitimate reasons that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

### 1. Dr. Crank

On March 1, 2013, prior to the alleged disability onset date of January 1, 2014, treating physician Dr. Crank submitted a physical functional evaluation of Plaintiff to the Department of Social and Health Services (DSHS). Tr. 25, 273-275. Dr. Crank opined that Plaintiff was unable to meet the demands of sedentary work, and he estimated the limitation on Plaintiff's work activities to persist for twelve months with available medical treatment. Tr. 275. He noted that Plaintiff's chief complaints and symptoms were side back pain and radiation down his left leg

with weakness and numbness of his left leg. Tr. 273. He also reported that Plaintiff had a ventral painful hernia and was seeing double once a month. Tr. 273. Dr. Crank noted that the reported onset of Plaintiff's symptoms was fifteen years prior to his evaluation. Tr. 273.

In reaching her RFC determination, the ALJ accorded "less weight" to Dr. Crank's opinion because (1) it was remote in that it was rendered prior to the correction of Plaintiff's hernia and before the protective filing date; and (2) he did not have the opportunity to review subsequent office treatment records which indicated a "lesser degree of severity alleged." Tr. 25.

**a. Remoteness**

Citing the remoteness of Dr. Crank's opinion, the ALJ noted it was significant that the opinion was made prior to the correction of Plaintiff's hernia. Tr. 25. The Court agrees with Plaintiff that the correction of his hernia is not significant with respect to Dr. Crank's opinion as to the limiting effects of his degenerative disc disease. ECF No. 14 at 11. Dr. Crank noted that Plaintiff's lower back pain and left leg radiculopathy was severe, and his ventral hernia pain was moderate. Tr. 274. He also determined that Plaintiff's lower back pain and left leg radiculopathy affected the following basic work activities: sitting, standing, walking, lifting, carrying, handling, pushing, pulling, reaching, stooping, and crouching. Tr. 274. Dr. Crank listed the ventral hernia pain as only affecting Plaintiff's ability to lift. Tr. 274. Thus, that the opinion was provided prior to the correction of Plaintiff's hernia was not a specific and legitimate reason to discount Dr. Crank's opinion.

Once again citing the remoteness of Dr. Crank's opinion, the ALJ noted that the opinion predated the protective filing date in this action. Tr. 25. Dr. Crank's opinion was rendered ten months prior to the alleged disability onset date and slightly more than one year before the application date. While medical opinions that predate the alleged onset of disability are of limited relevance, *see Fair v.*

*Bowen*, 885 F.2d 597, 600 (9th Cir. 1989), the *Carmickle* case specifies "[t]his is especially true in cases…where disability is allegedly caused by a discrete event." *Carmickle*, 533 F.3d at 1165. Here, Plaintiff's back pain was not caused by a discrete event. Plaintiff's back impairment is a degenerative condition and the record contains several references to Plaintiff's many years of continued back pain. Tr. 45 (Plaintiff responding to ALJ's question about what prompted his benefits application, "I probably should have done it a lot, lot of years earlier, but my back's the reason I did it); Tr. 86 (Dr. Ulleland reported the medical record showed many years of back pain/sciatica symptoms with multilevel degenerative changes); Tr. 273 (Dr. Crank noted the reported onset of Plaintiff's primary impairment was fifteen years prior to his March 2013 evaluation); Tr. 352 (Dr. Drenguis reported, "[Plaintiff] has had lumbar back pain for over ten years. It was gradual in onset and has been increasing in severity and frequency"); Tr. 803 (hospital notes from a January 28, 2015 visit due to back pain state, "[history] of back spasm").

Additionally, Dr. Crank estimated that the limitation on Plaintiff's work activities would persist with available medical treatment for twelve months, which continued beyond the alleged disability onset date. Tr. 275. Consistent with that opinion, the record shows that Plaintiff presented with consistent back pain symptoms in subsequent office visits to Dr. Crank. Tr. 337-344. During office visits on April 1, 2013 and February 26, 2014, Plaintiff presented with severe left sided back pain with pain radiating down his left leg. Tr. 337, 341. At the April 1, 2013 visit, Dr. Crank observed that "[t]he problem is worsening. It occurs persistently." Tr. 341. At the February 26, 2014 visit, which occurred after the alleged disability onset date and less than one month before the application date, Dr. Crank noted that Plaintiff's back pain was "similar to prior symptoms." Tr. 338. After a review of the entire record, the Court finds that the remoteness determination regarding Dr. Crank's opinion was not a specific and legitimate reason to discredit his opinion.

### b. Subsequent Office Treatment Records

Finally, the ALJ reasoned that Dr. Crank's opinion was discredited because subsequent office treatment records indicated a "lesser degree of severity alleged." Tr. 25. The ALJ simply stated her conclusion, and without further explanation, cited to Exhibits 10F (Tr. 664-831), 11F (Tr. 832-857), and 12F (Tr. 858-868). *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("The ALJ must do more than state conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct") (internal citations omitted).

Defendant contends that "the basis of this finding by the ALJ was sufficiently explained given that the ALJ's decision contained the ALJ's citation and discussion of medical records contained in Exhibits 10F and 11F (Tr. 23, 702, 714, 739, 742, 842-844; Tr. 24, 703, 709, 714-717, 742, 725, 727, 804; Tr. 26, 730, 753, 828-830, 852)." ECF No. 3-4 n.1. Exhibit 12F does not support the ALJ's assertion, as it is the ALJ's request for Dr. Omeozulu to complete a medical interrogatory. Tr. 858-868. It is not clear from a review of Exhibits 10F and 11F which records the ALJ refers to as support for her assertion. Tr. 25. All but four of the records cited by Defendant above relate to Plaintiff's atrial fibrillation and testicular hydrocele symptoms. Three of the citations relate to pain radiating down Plaintiff's back and left testicle, Tr. 725, 727, 804, and one citation involves Dr. Drenguis' findings about Plaintiff's back pain, Tr. 828-830. As discussed above, Dr. Crank noted that Plaintiff's chief complaints and symptoms were side back pain and radiation down his left leg with weakness and numbness of his left leg. Tr. 273. The basis of this assertion by the ALJ was not sufficiently explained, and thus, was not a specific and legitimate reason to discredit Dr. Crank's opinion.

The Court finds the ALJ erred by failing to provide specific and legitimate reasons to give "less weight" to Dr. Crank's opinion. Accordingly, a remand is necessary for reconsideration of Dr. Crank's opinion. The ALJ shall be instructed to clarify her determination that Dr. Crank's opinion is entitled to less weight due

to remoteness and because subsequent office treatment records indicated a "lesser degree of severity alleged." Tr. 25.

### 2. Dr. Omeozulu

On July 2, 2016, nonexamining physician Dr. Omeozulu completed a medical interrogatory about Plaintiff. Tr. 870-878. Dr. Omeozulu opined that Plaintiff could sit for thirty minutes at one time without interruption, stand for twenty minutes at one time without interruption, and walk for twenty minutes at one time without interruption. Tr. 874. She reported that Plaintiff could sit for a total of five hours, stand for a total of four hours, and walk for a total of four hours in an eight-hour workday. Tr. 874. Dr. Omeozulu noted there was no evidence of nerve root compression, Plaintiff's range of motion was normal, there was no motor, sensory, or reflex loss, and Plaintiff's straight leg raising test was negative. Tr. 871.

The ALJ accorded "some weight" to the opinion of Dr. Omeozulu, finding that the option to change positions every hour as set forth in the RFC accommodated Dr. Omeozulu's opinion as to how long Plaintiff could sit, stand, and walk at one time. Tr. 25. Although her form report provides little support for the opinions rendered, *see Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (stating that the ALJ's rejection of a check-off report that did not contain an explanation of the bases for the conclusions made was permissible), the ALJ specifically stated she found that the option to change positions every hour, as included in the RFC, accommodated Dr. Omeozulu's opinion that Plaintiff could sit for thirty minutes at one time, stand for twenty minutes at one time, and walk for twenty minutes at one time. Tr. 25, 874. In making this determination, the ALJ failed to describe how the RFC's limitation to change positions every hour was consistent with Dr. Omeozulu's limitation to change positions every twenty to thirty minutes. The ALJ did not provide citations to supporting physical examination records or identify specific objective clinical findings to support her

conclusion, nor did she identify specific evidence that contradicted Dr. Omeozulu's opinion as to these limitations. *See Brown-Hunter*, 806 F.3d at 492 (finding the agency must set forth reasoning behind its decisions in a way that allows for meaningful review). If the ALJ fails to specify his or her rationale, a reviewing court will be unable to review those reasons meaningfully without improperly "substitut[ing] our conclusions for the ALJ's, or speculat[ing] as to the grounds for the ALJ's conclusions." *Id.*, quoting *Treichler*, 775 F.3d at 1103. Because the ALJ failed to identify what specific evidence contradicted the limitations set forth by Dr. Omeozulu, the Court finds the ALJ's rationale for stating that Dr. Omeozulu's sit, stand, and walk limitations were in accordance with the RFC is not properly supported.

Because this matter must be remanded for additional proceedings to remedy the above noted defects with Dr. Crank's opinion, the ALJ shall also be instructed to clarify her determination that Dr. Omeozulu's time limits for sitting, standing, and walking are incorporated in the RFC.

### 3. Dr. Ulleland

On September 11, 2014, state agency medical consultant Dr. Ulleland completed a physical residual functional capacity assessment of Plaintiff. Tr. 79-89. Dr. Ulleland opined that Plaintiff could perform light work. Tr. 87-88. She determined that Plaintiff could stand and/or walk with normal breaks for a total of about six hours in an eight-hour workday, and he could sit with normal breaks for a total of about six hours in an eight-hour workday. Tr. 84 at 6. Dr. Ulleland reported the medical record showed many years of back pain/sciatica symptoms with multilevel degenerative changes, but with fairly modest clinical examination serial findings and no sustained neuromotor deficit or muscle atrophy. Tr. 86.

The ALJ accorded "great weight" to the opinion of Dr. Ulleland because her opinion was "based on a thorough review of the available medical records and a comprehensive understanding of agency rules and regulations." Tr. 24. The ALJ

also noted that Dr. Ulleland's opinion was well supported by a reasonable explanation and the available evidence. Tr. 24. As discussed above, the ALJ's basis for discounting the opinion of Plaintiff's treating physician, was unsupported. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F. 3d at 831. Therefore, the ALJ's assessment of Plaintiff's overall functioning is not supported by substantial evidence.

Plaintiff's RFC is an administrative finding, dispositive of the case, which is reserved to the Commissioner, and, by delegation of authority, to the ALJ. SSR 96-5p. It is thus the responsibility of the ALJ, not this Court, to make an RFC determination. Accordingly, Plaintiff's RFC must be redetermined, on remand, taking into consideration the opinions of the medical professionals noted above, as well as any additional or supplemental evidence relevant to Plaintiff's claim for disability benefits.

### B. Plaintiff's Symptom Testimony

Plaintiff also contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 14 at 14-21.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1043. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather, the ALJ must identify what testimony is not credible and what

evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 26. The ALJ listed the following reasons for finding Plaintiff's subjective complaints not persuasive in this case: (1) Plaintiff's allegations of disabling limitations were inconsistent with the conservative nature of treatment; (2) the objective medical evidence did not support the level of impairment claimed; and (3) Plaintiff's variable control of his physical conditions was largely due to his noncompliance with treatment recommendations. Tr. 23-24, 26.

While some of the reasons provided by the ALJ for discounting Plaintiff's testimony may be supported by the evidence of record, this matter must be remanded for additional proceedings to remedy defects in light of the ALJ's erroneous determination regarding the medical opinion evidence of record. *See supra*. Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence in this case and must be reevaluated. On remand, the ALJ shall reassess the opinions of Drs. Crank, Omeozulu, and Ulleland, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ shall reevaluate Plaintiff's subjective complaints, formulate a new RFC determination, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED IN PART**.

2. **Defendant's Motion for Summary Judgment, ECF No. 18, is DENIED.**

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED February 1, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE